JS 44 - CAND (Rev. 11/04)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

**I.(a) PLAINTIFFS**

Greg A. Perezra, an incompetent, by and through his Guardian Ad Litem Hugo Pereyra, and Martha Pereyra

**DEFENDANTS**

Ford Motor Company

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Michael B. Moore, The Law Office of Michael B. Moore, 595 Market St., Ste. 1320, San Francisco, CA 94105 (415)956-6500

ATTORNEYS (IF KNOWN)

H. Grant Law and Amir Nassihi; Shook, Hardy & Bacon, LLP, 333 Bush St., Ste. 600, San Francisco, CA 94104; 415-544-1900

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For diversity cases only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X]1 | [ ]1 | Incorporated or Principal Place of Business in This State | [ ]4 | [X]4 |
| Citizen of Another State | [ ]2 | [ ]2 | Incorporated and Principal Place of Business in Another State | [ ]5 | [X]5 |
| Citizen or Subject of a Foreign Country | [ ]3 | [ ]3 | Foreign Nation | [ ]6 | [ ]6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- [ ] Original Proceeding
- [X] Removed from State Court
- [ ] Remanded from Appellate Court
- [ ] Reinstated or Reopened
- [ ] Transferred from Another district (specify)
- [ ] Multidistrict Litigation
- [ ] Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ]110 Insurance<br>[ ]120 Marine<br>[ ]130 Miller Act<br>[ ]140 Negotiable Instrument<br>[ ]150 Recovery of Overpayment & Enforcement of Judgment<br>[ ]151 Medicare Act<br>[ ]152 Recovery of Defaulted Student Loans (Excl Veterans)<br>[ ]153 Recovery of Overpayment of Veteran's Benefits<br>[ ]160 Stockholders Suits<br>[ ]190 Other Contract<br>[ ]195 Contract Product Liability<br>[ ]196 Franchise | **PERSONAL INJURY**<br>[ ]310 Airplane<br>[ ]315 Airplane Product Liability<br>[ ]320 Assault Libel & Slander<br>[ ]330 Federal Employers Liability<br>[ ]340 Marine<br>[ ]345 Marine Product Liability<br>[ ]350 Motor Vehicle<br>[X]355 Motor Vehicle Product Liability<br>[ ]360 Other Personal Injury | **PERSONAL INJURY**<br>[ ]362 Personal Injury Med Malpractice<br>[ ]365 Personal Injury Product Liability<br>[ ]368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>[ ]370 Other Fraud<br>[ ]371 Truth in Lending<br>[ ]380 Other Personal Property Damage<br>[ ]385 Property Damage Product Liability | [ ]610 Agriculture<br>[ ]620 Other Food & Drug<br>[ ]625 Drug Related Seizure of Property 21 USC 881<br>[ ]630 Liquor Laws<br>[ ]640 RR & Truck<br>[ ]650 Airline Regs<br>[ ]660 Occupational Safety/Health<br>[ ]690 Other | [ ]422 Appeal 28 USC 158<br>[ ]423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>[ ]820 Copyrights<br>[ ]830 Patent<br>[ ]840 Trademark | [ ]400 State Reapportionment<br>[ ]410 Antitrust<br>[ ]430 Banks and Banking<br>[ ]450 Commerce/ICC Rates/etc.<br>[ ]460 Deportation<br>[ ]470 Racketeer Influenced and Corrupt Organizations<br>[ ]480 Consumer Credit<br>[ ]490 Cable/Satellite TV<br>[ ]810 Selective Service<br>[ ]850 Securities/Commodities/Exchange<br>[ ]875 Customer Challenge 12 USC 3410<br>[ ]891 Agricultural Acts<br>[ ]892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | **LABOR** | **SOCIAL SECURITY** | [ ]893 Environmental Matters<br>[ ]894 Energy Allocation Act |
| [ ]210 Land Condemnation<br>[ ]220 Foreclosure<br>[ ]230 Rent Lease & Ejectment<br>[ ]240 Torts to Land<br>[ ]245 Tort Product Liability<br>[ ]290 All Other Real Property | [ ]441 Voting<br>[ ]442 Employment<br>[ ]443 Housing<br>[ ]444 Welfare<br>[ ]440 Other Civil Rights<br>[ ]445 Amer w/ disab - Empl<br>[ ]446 Amer w/ disab - Other | [ ]510 Motion to Vacate Sentence Habeas Corpus:<br>[ ]530 General<br>[ ]535 Death Penalty<br>[ ]540 Mandamus & Other<br>[ ]550 Civil Rights<br>[ ]555 Prison Condition | [ ]710 Fair Labor Standards Act<br>[ ]720 Labor/Mgmt Relations<br>[ ]730 Labor/Mgmt Reporting & Disclosure Act<br>[ ]740 Railway Labor Act<br>[ ]790 Other Labor Litigation<br>[ ]791 Empl.Ret. Inc. Security Act | [ ]861 HIA (1395ff)<br>[ ]862 Black Lung (923)<br>[ ]863 DIWC/DIWW (405(g))<br>[ ]864 SSID Title XVI<br>[ ]865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>[ ]870 Taxes (US Plaintiff or Defendant)<br>[ ]871 IRS - Third Party 26 USC 7609 | [ ]895 Freedom of Information Act<br>[ ]900 Appeal of Fee Determination Under Equal Access to Justice<br>[ ]950 Constitutionality of State Statutes<br>[ ]890 Other Statutory Actions |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 U.S.C. Sections 1332, 1441, 1446

## VII. REQUESTED IN COMPLAINT:

[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $_____ CHECK YES only if demanded in complaint:

JURY DEMAND: [X] YES [ ] NO

## VIII. RELATED CASE(S) IF ANY

PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)

[X] SAN FRANCISCO/OAKLAND     [ ] SAN JOSE

DATE

2/21/08

SIGNATURE OF ATTORNEY OF RECORD

1    H. Grant Law (SBN: 144505)
     hlaw@shb.com
2    Amir Nassihi (SBN: 235936)
     anassihi@shb.com
3    SHOOK, HARDY & BACON L.L.P.
     333 Bush Street, Suite 600
4    San Francisco, California  94104-2828
     Telephone:    415.544.1900
5    Facsimile:    415.391.0281

6    Attorneys for Defendant
     FORD MOTOR COMPANY

7

8

9                      UNITED STATES DISTRICT COURT

10                    NORTHERN DISTRICT OF CALIFORNIA

11

12   GREG A. PEREYRA, an incompetent by and        Case No. _____
     through his Guardian Ad Litem, HUGO
13   PEREYRA, and MARTHA PEREYRA,                   **NOTICE OF REMOVAL OF ACTION
                                                    BY DEFENDANT FORD MOTOR
14                                                  COMPANY UNDER 28 U.S.C. §§ 1441,
                 Plaintiff,                         1446 AND 1332 (DIVERSITY) AND
15                                                  REQUEST FOR JURY TRIAL**
             vs.
16
                                                    Complaint filed: October 5, 2007
17   FORD MOTOR COMPANY; and Does 1
     through 100, inclusive,
18
                 Defendants
19

20

21

22   **TO THE CLERK OF THE UNITED STATES DISTRICT COURT, NORTHERN**

23   **DISTRICT OF CALIFORNIA:**

24        **PLEASE TAKE NOTICE** that Defendant FORD MOTOR COMPANY ("Removing

25   Defendant") hereby removes to this Court the action described below.

26        1.      On October 5, 2007, the Complaint was filed in Contra Costa County Superior

27   Court, in the action entitled *Greg A. Pereyra, an incompetent, by and through his Guardian Ad*

28

                                          - 1 -                    NOTICE TO U.S.D.C.
                                                                  OF REMOVAL OF ACTION
     136080v1                                                      CASE NO. _____

*Litem, Hugo Pereyra, and Martha Pereyra v. Ford Motor Company, and Does 1 to 50,* Case No. C 07 02210.  A copy of the Complaint is attached as Exhibit A.

2.    On February 8, 2008, CT Corporation received a copy of the Complaint and Summons.  On February 11, 2008, Ford Motor Company received a copy of the Complaint.

3.    Pursuant to 28 U.S.C. section 1446, subdivision (b), this Notice of Removal is timely filed within thirty (30) days of Defendant Ford Motor Company's receipt of notice of Plaintiffs' Summons and Complaint.

4.    This action may be removed to this Court pursuant to 28 U.S.C. section 1441(b) because this Court has original jurisdiction over this action pursuant to 28 U.S.C. section 1332(a).  The matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and Plaintiffs and Defendant are citizens of different states.

5.    According to the complaint, Mr. Pereyra sustained serious brain damage and is incompetent.  Plaintiffs seek damages for loss of earnings and earning capacity, loss of use of property, hospital and medical expenses, property damage, and compensation for negligent infliction of emotional distress (Complaint, p. 3).  The totality of the damages establishes that the amount in controversy meets the jurisdictional requirement.

6.    Removing Defendant is informed and believes that Plaintiff Greg A. Pereyra is and was at the time of filing of the Complaint a citizen of California.

7.    Removing Defendant is informed and believes that Plaintiff Martha Pereyra is and was at the time of filing of the Complaint a citizen of California.

8.    Removing Defendant is now, and was at the time of the filing of the Complaint, a Delaware corporation with its principal place of business in Dearborn, Michigan.

9.    Removing Defendant reserves the right to amend or supplement this Notice of Removal.

10.    A complete copy of all process, pleadings, and orders sent to Ford Motor Company in this action is attached as Exhibit B.  *See* 28 U.S.C. § 1446(a).

- 2 -

NOTICE TO U.S.D.C.
OF REMOVAL OF ACTION
CASE NO. _____

11.    No further proceedings involving Ford Motor Company have occurred in the Contra Costa County Superior Court in this action as of the date of the filing of this Notice of Removal.

12.    Removing Defendant has answered the Complaint in state court.

13.    This action was pending in Contra Costa County Superior Court, requiring an initial intradistrict assignment to the San Francisco or Oakland Divisions.

14.    Pursuant to 28 U.S.C. section 1446(d), a copy of this Notice of Removal is being filed with the Clerk of the Superior Court of the State of California, County of Contra Costa.

15.    Pursuant to 28 U.S.C. section 1446(d), Removing Defendant is providing written notice of removal to Plaintiffs.

16.    Removing Defendant also requests a trial by jury.

WHEREFORE, Defendant removes this action now pending against it in the Superior Court of the State of California, County of Contra Costa, to this Honorable Court.


Dated:  February 22, 2008                    Respectfully submitted,

                                             SHOOK, HARDY & BACON L.L.P.


                                             By: _____
                                                 H. GRANT LAW
                                                 AMIR NASSIHI

                                                 Attorneys for Defendant
                                                 FORD MOTOR COMPANY

NOTICE TO U.S.D.C.
OF REMOVAL OF ACTION
CASE NO. _____

136080v1

EXHIBIT A

02/08/2008   11:12   415-956-6580     MOORE&BROWNING     PAGE  08/31

982.1(1)

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Michael B. Moore, Esq. (62182)     Robert H. Ludlow, Jr. (36440)
The Law Office of Michael B. Moore     P.O. Box 1184
595 Market Street, Suite 1320     Santa Cruz, CA 95061
San Francisco, CA  94105
TELEPHONE NO: (415) 956-6500     FAX NO. *(Optional):* (415) 956-6580
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Plaintiff

**FOR COURT USE ONLY**

SUPERIOR COURT OF CALIFORNIA, COUNTY OF CONTRA COSTA
STREET ADDRESS: 725 Court Street
MAILING ADDRESS:
CITY AND ZIP CODE: Martinez, CA 94553
BRANCH NAME:

PLAINTIFF: GREG A. PEREYRA, an incompetent, by and through his Guardian
Ad Litem HUGO PEREYRA, and MARTHA PEREYRA

DEFENDANT: FORD MOTOR COMPANY

F I L E D

OCT 0 5 2007

K TORRE CLERK OF THE COURT
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF CONTRA COSTA

A. Fortenberry , Deputy Clerk

[X] DOES 1 TO  50

COMPLAINT—Personal Injury, Property Damage, Wrongful Death
[ ] AMENDED *(Number):*

Type *(check all that apply):*
[X] MOTOR VEHICLE          [ ] OTHER *(specify):*
  [ ] Property Damage     [ ] Wrongful Death
  [X] Personal Injury      [ ] Other Damages *(specify):*

Jurisdiction *(check all that apply):*
[ ] ACTION IS A LIMITED CIVIL CASE
  Amount demanded     [ ] does not exceed $10,000
    [ ] exceeds $10,000, but does not exceed $25,000
[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint
  [ ] from limited to unlimited
  [ ] from unlimited to limited

CASE NUMBER:

C07 - 02210[1]

1. Plaintiff *(name or names):* GREG A. PEREYRA, an incompetent, by and through his Guardian Ad Litem HUGO
PEREYRA, and MARTHA PEREYRA
alleges causes of action against defendant *(name or names):* All above named
2. This pleading, including attachments and exhibits, consists of the following number of pages: 4
3. Each plaintiff named above is a competent adult
  a. [X] except plaintiff *(name):*  GREG A. PEREYRA
    (1) [ ] a corporation qualified to do business in California
    (2) [ ] an unincorporated entity *(describe):*
    (3) [ ] a public entity *(describe):*
    (4) [ ] a minor  [X] an adult
      (a) [X] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
      (b) [ ] other *(specify):*
    (5) [ ] other *(specify):*

PER LOCAL RULE 5 THIS
CASE IS ASSIGNED TO
DEPT  16

  b. [ ] except plaintiff *(name):*
    (1) [ ] a corporation qualified to do business in California
    (2) [ ] an unincorporated entity *(describe):*
    (3) [ ] a public entity *(describe):*
    (4) [ ] a minor  [ ] an adult
      (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
      (b) [ ] other *(specify):*
    (5) [ ] other *(specify):*

[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Form Approved for Optional Use
Judicial Council of California
982.1(1) [Rev. January 1, 2006]

COMPLAINT—Personal Injury, Property
Damage, Wrongful Death

Page 1 of 3
Code of Civil Procedure, § 425.12

Legal
Solutions
Plus

116M79551741.tif - 2/8/2008 11:14:06 AM

02/08/2008  11:12  415-956-6586    MOORE&BROWNING    PAGE  09/31

982.1(1)

SHORT TITLE: PEREYRA v. FORD MOTOR COMPANY, et al.

CASE NUMBER:

4. ☐ Plaintiff *(name):*

    is doing business under the fictitious name *(specify):*

    and has complied with the fictitious business name laws.

5. Each defendant named above is a natural person
   a. ☒ except defendant *(name):* FORD MOTOR COMPANY

    (1) ☐ a business organization, form unknown
    (2) ☒ a corporation
    (3) ☐ an unincorporated entity *(describe):*

    (4) ☐ a public entity *(describe):*

    (5) ☐ other *(specify):*

   c. ☐ except defendant *(name):*

    (1) ☐ a business organization, form unknown
    (2) ☐ a corporation
    (3) ☐ an unincorporated entity *(describe):*

    (4) ☐ a public entity *(describe):*

    (5) ☐ other *(specify):*

   b. ☐ except defendant *(name):*

    (1) ☐ a business organization, form unknown
    (2) ☒ a corporation
    (3) ☐ an unincorporated entity *(describe):*

    (4) ☐ a public entity *(describe):*

    (5) ☐ other *(specify):*

   d. ☐ except defendant *(name):*

    (1) ☐ a business organization, form unknown
    (2) ☐ a corporation
    (3) ☐ an unincorporated entity *(describe):*

    (4) ☐ a public entity *(describe):*

    (5) ☐ other *(specify):*

☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6. The true names of defendants sued as Does are unknown to plaintiff.
   a. ☒ Doe defendants *(specify Doe numbers):* 1 to 50 _____ were the agents or employees of other named defendants and acted within the scope of that agency or employment.
   b. ☒ Doe defendants *(specify Doe numbers):* 1 to 50 _____ are persons whose capacities are unknown to plaintiff.

7. ☐ Defendants who are joined pursuant to Code of Civil Procedure section 382 are *(names):*

8. This court is the proper court because
   a. ☐ at least one defendant now resides in its jurisdictional area.
   b. ☒ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
   c. ☐ injury to person or damage to personal property occurred in its jurisdictional area.
   d. ☐ other *(specify):*

9. ☐ Plaintiff is required to comply with a claims statute, and
   a. ☐ has complied with applicable claims statutes, or
   b. ☐ is excused from complying because *(specify):*

02/08/2008  11:12    415-956-6588    MOORE&BROWNING    PAGE  10/31

| SHORT TITLE: PEREYRA v FORD MOTOR COMPANY, et al. | CASE NUMBER: | 982.1(1) |
| --- | --- | --- |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:

    a. [ ]  Motor Vehicle
    b. [ ]  General Negligence
    c. [ ]  Intentional Tort
    d. [X]  Products Liability
    e. [ ]  Premises Liability
    f. [ ]  Other *(specify):*

11. Plaintiff has suffered

    a. [X]  wage loss
    b. [X]  loss of use of property
    c. [X]  hospital and medical expenses
    d. [X]  general damage
    e. [X]  property damage
    f. [X]  loss of earning capacity
    g. [X]  other damage *(specify):* Negligent Infliction of Emotional Distress (Martha Pereyra)

12. [ ]  The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
    a. [ ]  listed in Attachment 12.
    b. [ ]  as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. Plaintiff prays for judgment for costs of suit: for such relief as is fair, just, and equitable: and for
    a. (1) [X]  compensatory damages
       (2) [ ]  punitive damages
    The amount of damages is *(in cases for personal injury or wrongful death, you must check (1)):*
       (1) [X]  according to proof
       (2) [ ]  in the amount of: $

15. [ ]  The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers):*

Date: Oct. 2, 2007

Michael B. Moore, Esq.
    (TYPE OR PRINT NAME)

                              (SIGNATURE OF PLAINTIFF OR ATTORNEY)

982.1(1) [Rev. January 1, 2000]

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

Page 3 of 3

02/08/2008  11:12    419-966-6606    MOORE&BROWNING    PAGE  11/31

| SHORT TITLE: PEREYRA v. FORD MOTOR COMPANY, et al. | CASE NUMBER: |
|---|---|

**FIRST**
(number)    **CAUSE OF ACTION - Products Liability**    Page **FOUR**

ATTACHMENT TO  ☒ Complaint    ☐ Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

Plaintiff *(name):* GREG A. PEREYRA, an incompetent, by and through his Guardian Ad Litem HUGO
PEREYRA, and MARTHA PEREYRA

Prod.L-1.  On or about *(date):* October 17, 2006                plaintiff was injured by the following product:
Ford F150 Pickup Truck

Prod.L-2.  Each of the defendants knew the product would be purchased and used without inspection for defects.
The product was defective when it left the control of each defendant.  The product at the time of injury
was being
  ☒ used in the manner intended by the defendants.
  ☒ used in a manner that was reasonably foreseeable by defendants as involving a substantial danger not
     readily apparent.  Adequate warnings of the danger were not given.

Prod.L-3.  Plaintiff was a
  ☒ purchaser of the product.                        ☒ user of the product.
  ☐ bystander to the use of the product.            ☐ other *(specify):*

**PLAINTIFF'S INJURY WAS THE LEGAL (PROXIMATE) RESULT OF THE FOLLOWING:**

Prod.L-4.  ☒ **Count One-Strict liability** of the following defendants who
  a. ☒ manufactured or assembled the product *(names):*  Ford Motor Company

          ☒ Does 1_____ to 50_____
  b. ☒ designed and manufactured component parts supplied to the manufacturer *(names):*
     Ford Motor Company

          ☒ Does 1_____ to 50_____
  c. ☐ sold the product to the public *(names):*  Ford Motor Company

          ☒ Does 1_____ to 50_____

Prod.L-5.  ☐ **Count Two-Negligence** of the following defendants who owed a duty to plaintiff *(names):*
  Ford Motor Company

          ☒ Does 1_____ to 50_____

Prod.L-6.  ☒ **Count Three-Breach of warranty** by the following defendants *(names):*  Ford Motor Company

          ☒ Does 1_____ to 50_____
  a. ☒ who breached an implied warranty
  b. ☐ who breached an express warranty which was
       ☐ written   ☐ oral

Prod.L-7.  ☐ The defendants who are liable to plaintiffs for other reasons and the reasons for the liability are
       ☐ listed in Attachment-Prod.L-7 .   ☐ as follows:

Form Approved by the
Judicial Council of California
Effective January 1, 1982
Rule 982.1(8)
Optional Form    **CAUSE OF ACTION - Products Liability**     Legal Solutions Plus    CCP 425.12

EXHIBIT  B

2/8/08 —> 3:10p

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
FORD MOTOR COMPANY; DOES 1 TO 50

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
GREG A. PEREYRA, an incompetent, by and through his Guardian Ad Litem
HUGO PEREYRA, and MARTHA PEREYRA

*FOR COURT USE ONLY*
*(SOLO PARA USO DE LA CORTE)*

**F I L E D**

IL TURRIS CLERK OF THE COURT
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF CONTRA COSTA

By _____ Deputy Clerk

**D. WEBER**

You have **30 CALENDAR DAYS** after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff.   A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for  your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you.  If you cannot pay the filing fee, ask the court clerk for a fee waiver form.  If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.
There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante.  Una carta o una llamada telefónica no lo protegen.  Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta.  Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol/), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.
Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol/) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:                                **CASE NUMBER**  7 - 0 2 2 1 0
*(El nombre y dirección de la corte es):*                            *(Número del caso):*
Contra Costa County Superior Court
725 Court Street

Martinez, CA  94553

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Michael B. Moore, Esq. (62182)          Robert H. Ludlow, Jr. (36440)    (415) 956-6500      (415) 956-6580
The Law Office of Michael B. Moore      P.O. Box 1184
595 Market Street, Suite 1320           Santa Cruz, CA  95061
San Francisco, CA  94105

DATE:                                                                        **D. WEBER**
*(Fecha)*  **OCT 1 2 2007**          Clerk, by _____, Deputy
                                     *(Secretario)*                          *(Adjunto)*

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

|  | NOTICE TO THE PERSON SERVED: You are served |
|---|---|
| [SEAL] | 1. ☐ as an individual defendant. |
|  | 2. ☐ as the person sued under the fictitious name of *(specify)*: |
|  | 3. ☑ on behalf of *(specify)*: Ford Motor Company |
|  | under: ☑ CCP 416.10 (corporation)         ☐ CCP 416.60 (minor) |
|  | ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee) |
|  | ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person) |
|  | ☐ other *(specify)*: |
|  | 4. ☐ by personal delivery on (date): |

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]

**SUMMONS**

Legal
Solutions
Plus

Code of Civil Procedure §§ 412.20, 465

Page 1 of 1

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Michael B. Moore, Esq. (62182)    Robert H. Ludlow, Jr. (36440)
The Law Office of Michael B. Moore    P.O. Box 1184
595 Market Street, Suite 1320    Santa Cruz, CA 95061
San Francisco, CA 94105
TELEPHONE NO.: (415) 956-6500    FAX NO.: (415) 956-6580
ATTORNEY FOR (Name): Plaintiff

FILED
OCT 0 5 2007
A. Fattenberry

SUPERIOR COURT OF CALIFORNIA, COUNTY OF CONTRA COSTA
STREET ADDRESS: 725 Court Street
MAILING ADDRESS:
CITY AND ZIP CODE: Martinez, CA 94553
BRANCH NAME:

CASE NAME: PEREYRA v. FORD MOTOR COMPANY, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited (Amount demanded exceeds $25,000) [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 1811) | C 07 02210 |
| | | JUDGE: |
| | | DEPT: 16 |

*Items 1-5 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[X] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800-1812 )**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint (not specified above) (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition (not specified above) (43)

2. This case [ ] is [X] is not complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties    d. [ ] Large number of witnesses
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve    e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. [ ] Substantial amount of documentary evidence    f. [ ] Substantial postjudgment judicial supervision
3. Type of remedies sought *(check all that apply)*:
   a. [X] monetary    b. [ ] nonmonetary; declaratory or injunctive relief    c. [ ] punitive
4. Number of causes of action *(specify)*:
5. This case [ ] is [X] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: October 2, 2007

Michael B. Moore, Esq.
(TYPE OR PRINT NAME)    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2008]

CIVIL CASE COVER SHEET

Legal Solutions Plus

Cal. Rules of Court, rules 201.8, 1800-1812;
Standards of Judicial Administration, § 19

116M79551741.tif - 2/8/2008 11:14:06 AM

02/06/2008  11:12    415-956-6580          MOORE&BROWNING                    PAGE  08/31

| | | |
|---|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | | **982.1(1)** |

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:

Michael B. Moore, Esq. (62182)          Robert H. Ludlow, Jr. (36440)
The Law Office of Michael B. Moore      P.O. Box 1184
595 Market Street, Suite 1320           Santa Cruz, CA 95061

San Francisco, CA 94105

TELEPHONE NO: (415) 956-6500      FAX NO. *(Optional)*: (415) 956-6580

E-MAIL ADDRESS *(Optional)*:

ATTORNEY FOR *(Name)*: Plaintiff

SUPERIOR COURT OF CALIFORNIA, COUNTY OF CONTRA COSTA

STREET ADDRESS: 725 Court Street

MAILING ADDRESS:

CITY AND ZIP CODE: Martinez, CA 94553

BRANCH NAME:

PLAINTIFF: GREG A. PEREYRA, an incompetent, by and through his Guardian
Ad Litem HUGO PEREYRA, and MARTHA PEREYRA

DEFENDANT: FORD MOTOR COMPANY

[X] DOES 1 TO 50

**FOR COURT USE ONLY**

F I L E D

OCT 0 5 2007

K. TORRE, CLERK OF THE COURT
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF CONTRA COSTA

A. Fortenberry          , Deputy Clerk

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

[ ] AMENDED *(Number)*:

Type *(check all that apply)*:

[X] MOTOR VEHICLE          [ ] OTHER *(specify)*:
   [ ] Property Damage          [ ] Wrongful Death
   [X] Personal Injury          [ ] Other Damages *(specify)*:

Jurisdiction *(check all that apply)*:

[ ] ACTION IS A LIMITED CIVIL CASE
   Amount demanded          [ ] does not exceed $10,000
                    [ ] exceeds $10,000, but does not exceed $25,000
[X] ACTION IS AN UNLIMITED CIVIL CASE (exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint
   [ ] from limited to unlimited
   [ ] from unlimited to limited

CASE NUMBER:

C07-02210

1. Plaintiff *(name or names)*: GREG A. PEREYRA, an incompetent, by and through his Guardian Ad Litem HUGO PEREYRA, and MARTHA PEREYRA
   alleges causes of action against defendant *(name or names)*: All above named
2. This pleading, including attachments and exhibits, consists of the following number of pages: 4
3. Each plaintiff named above is a competent adult
  a. [X] except plaintiff *(name)*:  GREG A. PEREYRA
     (1) [ ] a corporation qualified to do business in California
     (2) [ ] an unincorporated entity *(describe)*:
     (3) [ ] a public entity *(describe)*:
     (4) [ ] a minor  [X]  an adult
       (a) [X] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
       (b) [ ] other *(specify)*:
     (5) [ ] other *(specify)*:

          PER LOCAL RULE 5 THIS
          CASE IS ASSIGNED TO
          DEPT. 16

  b. [ ] except plaintiff *(name)*:
     (1) [ ] a corporation qualified to do business in California
     (2) [ ] an unincorporated entity *(describe)*:
     (3) [ ] a public entity *(describe)*:
     (4) [ ] a minor  [ ]  an adult
       (a) [ ] for whom a guardian or conservator of the estate or a guardian ad litem has been appointed
       (b) [ ] other *(specify)*:
     (5) [ ] other *(specify)*:

[ ] Information about additional plaintiffs who are not competent adults is shown in Attachment 3.

Form Approved for Optional Use
Judicial Council of California
982.1(1) [Rev. January 1, 2005]

**COMPLAINT—Personal Injury, Property
Damage, Wrongful Death**

Legal
Solutions
Plus

Page 1 of 3
Code of Civil Procedure, § 425.12

116M79551741.tif - 2/8/2008 11:14:06 AM

02/08/2008  11:12    415-956-6580    MOORE&BROWNING    PAGE  09/31

982.1(1)

| SHORT TITLE: PEREYRA v. FORD MOTOR COMPANY, et al. | CASE NUMBER: |
|---|---|

4.  ☐ Plaintiff *(name)*:

is doing business under the fictitious name *(specify)*:

and has complied with the fictitious business name laws.

5.  Each defendant named above is a natural person
  a.  ☒ except defendant *(name)*: FORD MOTOR COMPANY

  (1)  ☐ a business organization, form unknown
  (2)  ☒ a corporation
  (3)  ☐ an unincorporated entity *(describe)*:

  (4)  ☐ a public entity *(describe)*:

  (5)  ☐ other *(specify)*:

  b.  ☐ except defendant *(name)*:

  (1)  ☐ a business organization, form unknown
  (2)  ☒ a corporation
  (3)  ☐ an unincorporated entity *(describe)*:

  (4)  ☐ a public entity *(describe)*:

  (5)  ☐ other *(specify)*:

  c.  ☐ except defendant *(name)*:

  (1)  ☐ a business organization, form unknown
  (2)  ☐ a corporation
  (3)  ☐ an unincorporated entity *(describe)*:

  (4)  ☐ a public entity *(describe)*:

  (5)  ☐ other *(specify)*:

  d.  ☐ except defendant *(name)*:

  (1)  ☐ a business organization, form unknown
  (2)  ☐ a corporation
  (3)  ☐ an unincorporated entity *(describe)*:

  (4)  ☐ a public entity *(describe)*:

  (5)  ☐ other *(specify)*:

☐ Information about additional defendants who are not natural persons is contained in Attachment 5.

6.  The true names of defendants sued as Does are unknown to plaintiff.
  a.  ☒ Doe defendants *(specify Doe numbers)*: 1 to 50 _____ were the agents or employees of other named defendants and acted within the scope of that agency or employment.
  b.  ☒ Doe defendants *(specify Doe numbers)*: 1 to 50 _____ are persons whose capacities are unknown to plaintiff.

7.  ☐ Defendants who are joined pursuant to Code of Civil Procedure section 382 are *(names)*:

8.  This court is the proper court because
  a.  ☐ at least one defendant now resides in its jurisdictional area.
  b.  ☒ the principal place of business of a defendant corporation or unincorporated association is in its jurisdictional area.
  c.  ☐ injury to person or damage to personal property occurred in its jurisdictional area.
  d.  ☐ other *(specify)*:

9.  ☐ Plaintiff is required to comply with a claims statute, and
  a.  ☐ has complied with applicable claims statutes, or
  b.  ☐ is excused from complying because *(specify)*:

| SHORT TITLE: PEREYRA v. FORD MOTOR COMPANY, et al. | 982.1(1) |
| | CASE NUMBER: |

10. The following causes of action are attached and the statements above apply to each *(each complaint must have one or more causes of action attached)*:
   a. ☐ Motor Vehicle
   b. ☐ General Negligence
   c. ☐ Intentional Tort
   d. ☒ Products Liability
   e. ☐ Premises Liability
   f. ☐ Other *(specify)*:

11. Plaintiff has suffered
   a. ☒ wage loss
   b. ☒ loss of use of property
   c. ☒ hospital and medical expenses
   d. ☒ general damage
   e. ☒ property damage
   f. ☒ loss of earning capacity
   g. ☒ other damage *(specify)*: Negligent Infliction of Emotional Distress (Martha Pereyra)

12. ☐ The damages claimed for wrongful death and the relationships of plaintiff to the deceased are
   a. ☐ listed in Attachment 12.
   b. ☐ as follows:

13. The relief sought in this complaint is within the jurisdiction of this court.

14. Plaintiff prays for judgment for costs of suit; for such relief as is fair, just, and equitable; and for
   a. (1) ☒ compensatory damages
      (2) ☐ punitive damages
   The amount of damages is *(in cases for personal injury or wrongful death, you must check (1))*:
      (1) ☒ according to proof
      (2) ☐ in the amount of: $

15. ☐ The paragraphs of this complaint alleged on information and belief are as follows *(specify paragraph numbers)*:

Date: Oct. 2, 2007

Michael B. Moore, Esq.
(TYPE OR PRINT NAME)

▶ Michael B. Moore
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

982.1(1) [Rev. January 1, 2000]

**COMPLAINT—Personal Injury, Property Damage, Wrongful Death**

Page 3 of 3

116M79551741.tif - 2/8/2008 11:14:06 AM

SHORT TITLE: PEREYRA v. FORD MOTOR COMPANY, et al.

CASE NUMBER:

FIRST
(number)
—— CAUSE OF ACTION - Products Liability

Page FOUR

ATTACHMENT TO [X] Complaint    [ ] Cross-Complaint

*(Use a separate cause of action form for each cause of action.)*

Plaintiff *(name):* GREG A. PEREYRA, an incompetent, by and through his Guardian Ad Litem HUGO
PEREYRA, and MARTHA PEREYRA

Prod.L-1.   On or about *(date):*  October 17, 2006

plaintiff was injured by the following product:
Ford F150 Pickup Truck

Prod.L-2.   Each of the defendants knew the product would be purchased and used without inspection for defects.
The product was defective when it left the control of each defendant.  The product at the time of injury
was being
[X] used in the manner intended by the defendants,
[X] used in a manner that was reasonably foreseeable by defendants as involving a substantial danger not
readily apparent.  Adequate warnings of the danger were not given.

Prod.L-3.   Plaintiff was a
[X] purchaser of the product.                      [X] user of the product.
[ ] bystander to the use of the product.      [ ] other *(specify):*

PLAINTIFF'S INJURY WAS THE LEGAL (PROXIMATE) RESULT OF THE FOLLOWING:

Prod.L-4.   [X] Count One-Strict liability of the following defendants who
a. [X] manufactured or assembled the product *(names):*  Ford Motor Company

[X] Does 1_____ to 50_____
b. [X] designed and manufactured component parts supplied to the manufacturer *(names):*
Ford Motor Company

[X] Does 1_____ to 50_____
c. [ ] sold the product to the public *(names):* Ford Motor Company

[X] Does 1_____ to 50_____

Prod.L-5.   [ ] Count Two-Negligence of the following defendants who owed a duty to plaintiff *(names):*
Ford Motor Company

[X] Does 1_____ to 50_____

Prod.L-6.   [X] Count Three-Breach of warranty by the following defendants *(names):*  Ford Motor Company

[X] Does 1_____ to 50_____
a. [X] who breached an implied warranty
b. [ ] who breached an express warranty which was
[ ] written   [ ] oral

Prod.L-7.   [ ] The defendants who are liable to plaintiffs for other reasons and the reasons for the liability are
[ ] listed in Attachment-Prod.L-7 .   [ ] as follows:

Form Approved by the
Judicial Council of California
Effective January 1, 1982
Rule 982.1(9)
Optional Form

CAUSE OF ACTION - Products Liability

Legal
Solutions
Plus

CCP 425.12

116M79551741.tif - 2/8/2008 11:14:06 AM

SUPERIOR COURT – MARTINEZ
COUNTY OF CONTRA COSTA
MARTINEZ, CA, 94553

PEREYRA VS FORD MOTOR COMPANY

NOTICE OF CASE MANAGEMENT CONFERENCE                CIVMSC07–02210

1.  NOTICE: THE CASE MANAGEMENT CONFERENCE HAS BEEN SCHEDULED FOR:

DATE: 02/25/08      DEPT: 16      TIME:  8:30

THIS FORM, A COPY OF THE NOTICE TO PLAINTIFFS, THE ADR INFORMATION
SHEET, A BLANK CASE MANAGEMENT CONFERENCE QUESTIONNAIRE, AND A BLANK
STIPULATION FORM ARE TO BE SERVED ON OPPOSING PARTIES.  ALL PARTIES
SERVED WITH SUMMONS AND COMPLAINT/CROSS-COMPLAINT OR THEIR ATTORNEY
OF RECORD MUST APPEAR.

2.  You may stipulate to an earlier Case Management Conference.  If
all parties agree to an early Case Management Conference, please
contact the Court Clerk's Office at (925)957-5794 for Unlimited Civil
cases and (925)957-5791 for Limited Civil cases for assignment of an
earlier date.

3.  You must be familiar with the case and be fully prepared to par-
ticipate effectively in the Case Management Conference and to discuss
the suitability of this case for the EASE Program, private mediation,
binding or non-binding arbitration, and/or use of a Special Master.

4.  At any Case Management Conference the court may make pretrial
orders including the following:

  a.  an order establishing a discovery schedule
  b.  an order referring the case to arbitration
  c.  an order transferring the case to limited jurisdiction
  d.  an order dismissing fictitious defendants
  e.  an order scheduling exchange of expert witness information
  f.  an order setting subsequent conference and the trial date
  g.  an order consolidating cases
  h.  an order severing trial of cross-complaints or bifurcating
      issues
  i.  an order determining when demurrers and motions will be filed

SANCTIONS
If you do not file the Case Management Conference Questionnaire or
attend the Case Management Conference or participate effectively in
the Conference, the court may impose sanctions (including dismissal of
the case and payment of money).

        Clerk of the Superior Court of Contra Costa County
I declare under penalty of perjury that I am not a party to this
action, and that I delivered or mailed a copy of this notice to the
person representing the plaintiff/cross-complainant.

Dated:  10/09/07          **A. Fortenberry**
                          A. FORTENBERRY, Deputy Clerk

**Superior Court of California, County of Contra Costa**

## NOTICE TO DEFENDANTS
### In Unlimited Jurisdiction Civil Actions

**YOU ARE BEING SUED.** The packet you have been served should contain:

    a.    The Summons

    b.    The Complaint

    c.    The Notice of Case Management (shows hearing date and time)

    d.    Blank: Case Management Statement (Judicial Council Form CM-110)

    e.    Blank: Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days (Local Court Form CV-655b)

    f.    Alternative Dispute Resolution (ADR) Information  (Local Court Form CV-655e)

---

  **WHAT DO I DO NOW?**  

**You must:**

1. **Prepare your response**    YOU COULD LOSE YOUR CASE—even before it is heard by a judge or before you can defend yourself, if you do not prepare and file a response on time. See the other side of this page for types of responses you can prepare.

2. **Complete the** *Case Management Statement*  *(CM-110)*

3. **File and serve your court papers on time**    Once your court forms are complete, you must file 1 original and 2 copies of the forms at court. An adult who is NOT involved in your case must serve one set of forms on the Plaintiff. If you were served in person you must file your response in 30 days. If the server left a copy of the papers with an adult living at your home or an adult in charge at your work or you received a copy by mail you must file your response in 40 days.

4. **Prove you served your court papers on time**    by having your server complete a *Proof of Service, (Judicial Council form POS-040)*, that must be filed at the court within 60 days.

5. **Go to court** on the date and time given in the *Notice of Case Management Conference*.

6. **Consider trying to settle your case before trial**    If you and the other party to the case can agree to use mediation, arbitration or neutral case evaluation, the *Stipulation and Order to Attend ADR and Delay First Case Management Conference 90 Days* can be filed with your other papers.  For more information read the enclosed ADR information, visit www.cc-courts.org/adr, or call (925) 957-5787.

**IMPORTANT!** The court recommends consulting an attorney for all or part of your case. While you may represent yourself, lawsuits can be complicated, and the court cannot give you legal advice.

---

**COURT FEES:** You must pay court fees the first time you file your papers.  If you also file a motion, you must pay another fee.  If you cannot afford the fees, you may ask the court to waive (allow you not to pay) fees. Use Judicial Council forms FW-001-INFO [information sheet]; FW-001 [application]; and FW-003 [order].

**COURT FORMS:** Buy forms at the Forms Window in the Family Law Building or download them for free at: www.courtinfo.ca.gov/forms/

CV-655d/Rev. 05/2007

## WHAT KIND OF RESPONSES CAN I FILE?

1.  If you disagree with some or all of what the plaintiff says in the complaint because you believe, or know it is not true, you can file an <u>ANSWER</u>.
2.  If you have a claim in the same case against the plaintiff, you may file a <u>CROSS-COMPLAINT</u>.
3.  If you want to ask the court to do something on your behalf, you may file a <u>MOTION</u> *(See TYPES OF MOTIONS below)*

## HOW DO I PREPARE AN ANSWER?

There are two kinds of Answers you can use, depending on whether the Complaint was verified. You can tell if a Complaint is verified because it says "Verified Complaint" and/or has a signed oath on the last page.

**For complaints that are NOT verified:**

Use Judicial Council form PLD-050 – General Denial

**For complaints that ARE verified:**

a.  For personal injury, property damage, and wrongful death claims, use Judicial Council PLD-PI-003 (do <u>not</u> check number 2).

b.  For contract claims, use Judicial Council PLD-C-010 (do <u>not</u> check number 3a).

c.  Be sure to deny <u>every</u> claim with which you disagree. For example, you might write: *"I believe, or know, that the information in paragraph #___ is untrue/incorrect."* Continue your list until you have addressed each paragraph in the Complaint.

**NOTE:** The Judicial Council Answer forms have spaces for your affirmative defenses. Be sure to include them or you may not be able to use them later. To find out what your affirmative defenses might be, go to the law library and ask the librarian to help you find the information you need.

**If you want to file a Cross-Complaint, you must do so at the same time you file the Answer.**

a.  For a personal injury, property damage, and/or wrongful death Cross-Complaint, use Judicial Council form PLD-PI-002.

b.  For a contract Cross-Complaint, use Judicial Council PLD-C-001.

## TYPES OF MOTIONS

Written motions are documents that ask the court to do something. You may have to file an *Answer* at the same time. At this point in the case, you can only make Motions from the following list:

1.  <u>Demurrer</u> *(the facts stated in the complaint are wrong, or the deadline to file the lawsuit has passed);*
2.  <u>Motion to Strike</u> *(the complaint is unclear; does not follow the law, "doesn't matter", etc.);*
3.  <u>Motion to Transfer</u> *(the complaint is in the wrong court or there's a more appropriate court);*
4.  <u>Motion to Quash Service of Summons</u> *(you were not legally served);*
5.  <u>Motion to Stay</u> *(put the case on hold);* or
6.  <u>Motion to Dismiss</u> *(stops the case).*

**NOTE: Motions are very complicated and you may want to hire a lawyer to help you.**

## WHERE CAN I GET MORE HELP?

- **Lawyer Referral Service:**  (925) 825-5700
- **Bay Area Legal Aid:**  (800) 551-5554
- **Contra Costa County Law Library**    Martinez: (925) 646-2783    Richmond: (510) 374-3019
- **Ask the Law Librarian:**    www.247ref.org/portal/access_law3.cfm

CV-655d/Rev. 05/2007

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## IN AND FOR THE COUNTY OF CONTRA COSTA

_____

_____
                    **Plaintiff(s)**
              vs.

_____

_____          ***Stipulation and Order* to Attend ADR and Delay**
                    **Defendant(s)**     ***First Case Management Conference 90 Days***

Case No.:_____   Date complaint filed: _____   First case management conference set for: _____

---

► ALL PARTIES MUST SIGN THIS FORM AND FILE THIS STIPULATION, WITH CASE MANAGEMENT STATEMENTS, AT LEAST 15 DAYS BEFORE THE FIRST CASE MANAGEMENT CONFERENCE

► PARTIES MUST ALSO SEND A COPY OF THE FORM WITH THE JUDGE'S SIGNATURE TO THE ADR OFFICE: FAX: (925) 957-5689 or MAIL: P.O. BOX 911, MARTINEZ, CA 94553

► THIS STIPULATION MAY NOT BE USED IN COMPLEX LITIGATION CASES

---

Counsel and all parties certify they have met and conferred on the subjects set forth in Rule of Court 212(b), and have selected the following alternative dispute resolution (ADR) process: [check ☑one]:

☐ Judicial mediation       ☐ Judicial arbitration       ☐ Neutral case evaluation

☐ Private mediation        ☐ Private arbitration

COUNSEL AND ALL PARTIES AGREE TO COMPLETE ADR WITHIN 90 DAYS, AND CERTIFY:

1. This is not a complex civil case (as described in California Rules of Court, Rule 3.400);
2. All parties have been served and intend to submit to the jurisdiction of the court;
3. All parties have agreed to a specific plan for sufficient discovery to make the ADR process meaningful;
4. Defendant(s)' first appearance fee has been paid or will be submitted with this Stipulation;
5. Copies of this Stipulation and self-addressed stamped envelopes are provided for returning file-stamped copies to counsel and the parties;
6. Case Management Conference Statements are submitted with this Stipulation;
7. All parties will attend ADR conferences as required by local court rule (Appendix C); and,
8. All parties know the court will not allow more than 90 days to complete ADR.

_____|_____      _____|_____
Counsel for Plaintiff *(print)*   Fax      Counsel for Defendant *(print)*   Fax

_____              _____
Signature                            Signature

_____|_____      _____|_____
Counsel for Plaintiff *(print)*   Fax      Counsel for Defendant *(print)*   Fax

_____              _____
Signature                            Signature

---

Pursuant to the Stipulation of the parties, and subject to the *Case Management Order* to be filed, **IT IS SO ORDERED** that the Case Management Conference set for _____ is vacated and rescheduled for _____ at (8:30 a.m. / _____) Plaintiff's counsel must notify all parties of the case management conference.

Dated: _____

                              *Judge of the Superior Court*

---

CV-655b/Rev. 08/2007

Local Court Rules, Rule 5 (h)(1)(a)(6)

02/08/2008  11:12    415-956-6588    MOORE&BRUNING    PAGE  16/31

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:  FAX NO. *(Optional)*: | |
| E-MAIL ADDRESS *(Optional)*: | |
| ATTORNEY FOR *(Name)*: | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF

STREET ADDRESS:

MAILING ADDRESS:

CITY AND ZIP CODE:

BRANCH NAME:

PLAINTIFF/PETITIONER:

DEFENDANT/RESPONDENT:

| **CASE MANAGEMENT STATEMENT** | | CASE NUMBER: |
|---|---|---|
| **(Check one):**  ☐ UNLIMITED CASE *(Amount demanded exceeds $25,000)*  ☐ LIMITED CASE *(Amount demanded is $25,000 or less)* | | |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date:                 Time:                 Dept.:        Div.:              Room:

Address of court *(if different from the address above)*:

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1.  **Party or parties** *(answer one)*:
    a.  ☐ This statement is submitted by party *(name)*:
    b.  ☐ This statement is submitted jointly by parties *(names)*:

2.  **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
    a.  The complaint was filed on *(date)*:
    b.  ☐ The cross-complaint, if any, was filed on *(date)*:

3.  **Service** *(to be answered by plaintiffs and cross-complainants only)*
    a.  ☐ All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
    b.  ☐ The following parties named in the complaint or cross-complaint
        (1)  ☐ have not been served *(specify names and explain why not)*:
        (2)  ☐ have been served but have not appeared and have not been dismissed *(specify names)*:
        (3)  ☐ have had a default entered against them *(specify names)*:
    c.  ☐ The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:

4.  **Description of case**
    a.  Type of case in ☐ complaint ☐ cross-complaint *(describe, including causes of action)*:

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Page 1 of 4

Cal. Rules of Court,
rules 3.720–3.730
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

82/88/2888   11:12    415-956-6588          MOORE&BROWNING                    PAGE   17/31

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

4.  b.  Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

☐  *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.  **Jury or nonjury trial**
The party or parties request  ☐ a jury trial  ☐ a nonjury trial      *(If more than one party, provide the name of each party requesting a jury trial):*

6.  **Trial date**
a.  ☐ The trial has been set for *(date):*
b.  ☐ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.  Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.  **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.  ☐ days *(specify number):*
b.  ☐ hours (short causes) *(specify):*

8.  **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial  ☐ by the attorney or party listed in the caption  ☐ by the following:
a.  Attorney:
b.  Firm:
c.  Address:
d.  Telephone number:
e.  Fax number:
f.  E-mail address:
g.  Party represented:
☐ Additional representation is described in Attachment 8.

9.  **Preference**
☐ This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
a.  Counsel  ☐ has  ☐ has not  provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b.  ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c.  ☐ The case has gone to an ADR process *(indicate status):*

116M79551741.tif - 2/8/2008 11:14:06 AM

CM-110

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

10. d.  The party or parties are willing to participate in *(check all that apply):*
    (1) ☐ Mediation
    (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
    (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
    (4) ☐ Binding judicial arbitration
    (5) ☐ Binding private arbitration
    (6) ☐ Neutral case evaluation
    (7) ☐ Other *(specify):*

    e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.
    f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
    g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

11. **Settlement conference**
    ☐ The party or parties are willing to participate in an early settlement conference *(specify when):*

12. **Insurance**
    a. ☐ Insurance carrier, if any, for party filing this statement *(name):*
    b. Reservation of rights: ☐ Yes ☐ No
    c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

13. **Jurisdiction**
    Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
    ☐ Bankruptcy ☐ Other *(specify):*
    Status:

14. **Related cases, consolidation, and coordination**
    a. ☐ There are companion, underlying, or related cases.
        (1) Name of case:
        (2) Name of court:
        (3) Case number:
        (4) Status:
        ☐ Additional cases are described in Attachment 14a.
    b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

15. **Bifurcation**
    ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

16. **Other motions**
    ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Page 3 of 4

**CM-110**

| PLAINTIFF/PETITIONER: | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: | |

**17. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☐ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| | | |

c. ☐ The following discovery issues are anticipated *(specify)*:

**18. Economic Litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other Issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**

a. ☐ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Case management orders**
Previous case management orders in this case are *(check one)*: ☐ none ☐ attached as Attachment 21.

**22. Total number of pages attached *(if any)*:** _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date:

_____ ▶ _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY)

_____ ▶ _____
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached.

CM-110 [Rev. January 1, 2007]          **CASE MANAGEMENT STATEMENT**          Page 4 of 4



## CONTRA COSTA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION

All judges in the Civil Trial Delay Reduction Program agree that parties should consider using Alternative Dispute Resolution (ADR) to settle their cases. To tell the court you will use ADR:

* Choose ADR on the *Case Management Form* (CM-110);
* File a *Stipulation to Attend ADR and Continue First Case Management Conference 90-Days* (local court form); or
* Agree to ADR at your first court appearance.

*Questions?* Call (925) 957-5787, or go to www.cc-courts.org/adr

## MEDIATION
Mediation is often faster and less expensive than going to trial. Mediators help people who have a dispute talk about ways they can settle their case. Parties call or visit the ADR Programs office to get a list of mediators. After parties have agreed on a mediator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the mediator at least 5 court days before mediation starts.

ALL parties and attorneys must go to mediation. Mediation can be held whenever and wherever the parties and the mediator want, as long as they finish before the court deadline. In some kinds of court cases, parties have the chance to mediate in the courthouse on their trial day.

Most mediators begin by talking with the parties together, helping them focus on the important issues. The mediator may also meet with each party alone. Mediators often ask parties for their ideas about how to settle the case. Some mediators tell the parties how much money they think a case is worth, or tell them what they think might happen if the case went to trial. Other mediators help the parties decide these things for themselves. No matter what approach a mediator takes, decisions about settling a case can only be made when all the parties agree.

If the parties go through the court ADR program, mediators do not charge fees for the first half hour spent scheduling or preparing for mediation. They also do not charge fees for the first two hours of mediation. If parties need more time, they must pay that person's regular fees. Some mediators ask for a deposit before mediation starts. Mediators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the mediation. A party whose court fees have been waived (cancelled) may ask if their mediation fees or deposit can be waived.

If parties agree about how they will settle their case, they can choose to keep it private, write it up as a contract, or ask the judge to make it a court order. What parties say and agree to in mediation is confidential (private).

## PRIVATE MEDIATION
Private mediation works in the same way as judicial mediation, but the parties do not go through the ADR Programs office. Parties choose a mediator on their own, and pay the mediator's normal fees.

## JUDICIAL ARBITRATION (non-binding)

In judicial arbitration, an independent attorney (arbitrator) looks at the evidence, listens to the parties and their witnesses, and decides how the case will be settled. Judicial arbitration is less formal than court. Parties call or visit the ADR Programs office to get a list of arbitrators. If they cannot agree on an arbitrator, the court will assign one. The judge can send cases to arbitration if there is less than $50,000 in dispute. The person who started the court case can make sure the case goes to arbitration if they agree to limit the amount they are asking for to $50,000. Parties can also agree they want to use judicial arbitration. The arbitrator must send their decision (award) to the court within 10 days of the last hearing. The award becomes a court judgment unless a party asks the court to review the case within 30 days. Parties must use the ADR 102 form to ask for a new court hearing (called a trial de novo.) Judicial arbitrators charge $150 per case or per day.

## PRIVATE ARBITRATION (non-binding and binding)

Private, non-binding arbitration is the same as judicial arbitration, except that the parties do not go through the ADR Programs office to choose an arbitrator, and the arbitrator's award will not become a judgment of the court unless all parties agree. Parties must pay the arbitrator's normal fees.

Binding arbitration is different from judicial or private non-binding arbitration because the arbitrator's decision is final. Parties give up their right to have a judge review their case later (except for reasons listed in California Code of Civil Procedure, Section 1286.2.) Binding arbitration rules are listed in California Code of Civil Procedure, Sections 1280-1288.8. Parties may also agree any time before the judge has made a decision that ends the case to switch to binding arbitration. Parties choose the arbitrator on their own, and must pay the arbitrator's normal (not $150) fees.

## SETTLEMENT MENTOR CONFERENCE

Settlement mentors are independent, experienced trial attorneys that a judge has assigned to help parties look for ways to settle their case. The conference is free and is held in the courthouse. It is often held on the morning of trial, but it can be scheduled anytime. These conferences usually last two or three hours. Parties do not present evidence and do not call witnesses. Parties can ask the settlement mentor to keep some information confidential (private) from the other party, but not from the judge. The settlement mentor can share any information with the judge, or involve the judge in settlement discussions. All principals, clients, and claims representatives must attend the settlement mentor conference.

## NEUTRAL CASE EVALUATION

In neutral case evaluation, an independent attorney (evaluator) reviews documents and listens to each party's side of the case. The evaluator then tells the parties what they think could happen if the case went to trial. Many people use the evaluator's opinion to reach an agreement on their own, or use this information later in mediation or arbitration to settle their case.

Parties call or visit the ADR Programs office to get a list of evaluators. After parties have agreed on an evaluator, they must write a summary (5 pages or less) explaining the facts, legal arguments, and legal authority for their position. They must send this summary to the other parties and the evaluator at least 5 court days before evaluation starts. ALL parties and their attorneys must go to neutral case evaluation. The evaluation can be held whenever and wherever the parties and the evaluator want, as long as they finish before the court deadline. If the parties go through the court's ADR program, evaluators do not charge any fees for the first half hour spent scheduling or preparing for the evaluation conference. They also do not charge fees for the first two hours of the evaluation. If parties need more time, they must pay that person's regular fees. Some evaluators ask for a deposit before evaluation starts. Evaluators who do this must give back whatever is left after counting the time he or she spent preparing for or doing the evaluation. A party whose court fees have been waived (cancelled) may ask if their evaluation fees or deposit can be waived.

CV-655c/Rev. 05/2007

## TEMPORARY JUDGE

Some parties want a trial, but want to choose who will decide the case and when the trial will take place. Parties can agree on an attorney that they want the court to appoint as a temporary judge for their case. (See Article 6, Section 21 of the State Constitution and Rule 2.830 of the California Rules of Court.) Temporary judges have nearly the same authority as a superior court judge to conduct a trial and make decisions. As long as the parties meet the court deadline, they can schedule the trial at their own and the temporary judge's convenience.

Each of the temporary judges on the court's panel has agreed to serve at no charge for up to 5 court days. If the parties need more time, they must pay that person's regular fees. All parties and their lawyers must attend the trial, and provide a copy of all briefs or other court documents to the temporary judge at least two weeks before the trial. These trials are similar to other civil trials, but are usually held outside the court. The temporary judge's decision can be appealed to the superior court. There is no option for a jury trial. The parties must provide their own court reporter.

## SPECIAL MASTER

A special master is a private lawyer, retired judge, or other expert appointed by the court to help make day-to-day decisions in a court case. The special master's role can vary, but often includes making decisions that help the discovery (information exchange) process go more smoothly. He or she can make decisions about the facts in the case. Special masters can be especially helpful in complex cases. The trial judge defines what the special master can and cannot do in a court order.

Special masters often issue both interim recommendations and a final report to the parties and the court. If a party objects to what the special master decides or reports to the court, that party can ask the judge to review the matter. In general, the parties choose (by stipulation) whom they want the court to appoint as the special master, but there are times (see California Code of Civil Procedure Section 639), when the court may appoint a special master or referee without the parties' agreement. The parties are responsible to pay the special master's regular fees.

## COMMUNITY MEDIATION SERVICES

Mediation Services are available through non-profit community organizations. These low-cost services are provided by trained volunteer mediators. For more information about these programs contact the ADR Program at (925) 957-5787

CV-655c/Rev. 05/2007

116M79551741.tif - 2/8/2008 11:14:06 AM

982(a)(27)

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

Michael B. Moore, Esq. (62182)    Robert H. Ludlow, Jr. (36440)
The Law Office of Michael B. Moore    P.O. Box 1184
595 Market Street, Suite 1320    Santa Cruz, CA 95061

San Francisco, CA 94105
TELEPHONE NO.: (415) 956-6500    FAX NO. *(Optional)*: (415) 956-6580
E-MAIL ADDRESS *(Optional)*:
ATTORNEY FOR *(Name)*: **Plaintiff**

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF CONTRA COSTA**
STREET ADDRESS: 725 Court Street
MAILING ADDRESS:
CITY AND ZIP CODE: Martinez, CA 94553
BRANCH NAME:

**F I L E D**

OCT 1 2 200?

K. TORRE CLERK OF THE COURT
SUPERIOR COURT OF THE STATE OF CALIFORNIA
COUNTY OF CONTRA COSTA

By_____ Deputy Clerk

**D. WEBER**

PLAINTIFF/PETITIONER: **GREG A. PEREYRA, an incompetent, by and**
through his Guardian Ad Litem HUGO PEREYRA
DEFENDANT/RESPONDENT: **FORD MOTOR COMPANY, et al.**

| **APPLICATION AND ORDER FOR APPOINTMENT OF GUARDIAN AD LITEM — CIVIL** [x] **EX PARTE** | CASE NUMBER: C07-02210 |
|---|---|

Note: This form is for use in civil proceedings in which a party is a minor, an incapacitated person, or a person for whom a conservator has been appointed. A party who seeks the appointment of a guardian ad litem in a family law proceeding should use form FL-935. A party who seeks the appointment of a guardian ad litem in a probate proceeding should use form DE-350/GC-100. An individual may not act as a guardian ad litem unless he or she is represented by an attorney or is an attorney.

1. Applicant *(name)*: HUGO PEREYRA                                    is
   a. [x] the parent of *(name)*: GREG A. PEREYRA
   b. [ ] the guardian of *(name)*:
   c. [ ] the conservator of *(name)*:
   d. [ ] a party to the suit.
   e. [ ] the minor to be represented *(if the minor is 14 years of age or older)*.
   f. [ ] another interested person *(specify capacity)*:

2. This application seeks the appointment of the following person as guardian ad litem *(state name, address, and telephone number)*:
   HUGO PEREYRA, 13945 Porto Rico Drive, Avocado Heights, CA 91746; (310) 710-5270

3. The guardian ad litem is to represent the interests of the following person *(state name, address, and telephone number)*:
   GREG A. PEREYRA, 13945 Porto Rico Drive, Avocado Heights, CA 91746; (310) 710-5270

4. The person to be represented is:
   a. [ ] a minor *(date of birth)*:
   b. [x] an incompetent person.
   c. [ ] a person for whom a conservator has been appointed.

5. The court should appoint a guardian ad litem because:
   a. [x] the person named in item 3 has a cause or causes of action on which suit should be brought *(describe)*:
   GREG A. PEREYRA has causes of action for products liability for serious personal injuries he sustained in an
   automobile accident.

   [ ] Continued on Attachment 5a.

**APPLICATION AND ORDER FOR APPOINTMENT
OF GUARDIAN AD LITEM — CIVIL**

Legal
Solutions
& Plus

Code of Civil Procedure, § 372 et seq.

Page 1 of 2

116M79551741.tif - 2/8/2008 11:14:06 AM

| PLAINTIFF/PETITIONER: GREG A. PEREYRA, an incompetent, by and through his Guardian Ad Litem HUGO PEREYRA DEFENDANT/RESPONDENT: FORD MOTOR COMPANY, et al. | CASE NUMBER: |
|---|---|

5. b. ☐ more than 10 days have elapsed since the summons in the above-entitled matter was served on the person named in item 3, and no application for the appointment of a guardian ad litem has been made by the person identified in item 3 or any other person.

c. ☒ the person named in item 3 has no guardian or conservator of his or her estate.

d. ☒ the appointment of a guardian ad litem is necessary for the following reasons (specify): Plaintiff Greg A. Pereyra sustained serious brain damage in this accident and is incompetent. See attached medical report.

☐ Continued on Attachment 5d.

6. The proposed guardian ad litem's relationship to the person he or she will be representing is:
a. ☒ related (state relationship): Father
b. ☐ not related (specify capacity):

7. The proposed guardian ad litem is fully competent and qualified to understand and protect the rights of the person he or she will represent and has no interests adverse to the interests of that person. (If there are any issues of competency or qualification or any possible adverse interests, describe and explain why the proposed guardian should nevertheless be appointed):

☐ Continued on Attachment 7.

Michael B. Moore, Esq.
(TYPE OR PRINT NAME)                                    ▶                    (SIGNATURE OF ATTORNEY)

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 6-23-07

Hugo Pereyra
(TYPE OR PRINT NAME)                                    ▶                    (SIGNATURE OF APPLICANT)

**CONSENT TO ACT AS GUARDIAN AD LITEM**

I consent to the appointment as guardian ad litem under the above petition.

Date: 6-23-07

Hugo Pereyra
(TYPE OR PRINT NAME)                                    ▶                    (SIGNATURE OF PROPOSED GUARDIAN AD LITEM)

**ORDER**    ☒ EX PARTE

THE COURT FINDS that it is reasonable and necessary to appoint a guardian ad litem for the person named in item 3 of the application, as requested.

THE COURT ORDERS that (name): HUGO PEREYRA
is hereby appointed as the guardian ad litem for (name): GREG A. PEREYRA
for the reasons set forth in item 5 of the application.

Date: 10-10-07

**THOMAS M. MADDOCK**
JUDICIAL OFFICER

☐ SIGNATURE FOLLOWS LAST ATTACHMENT

B82(a)(27) [Rev. January 1, 2004]

**APPLICATION AND ORDER FOR APPOINTMENT OF GUARDIAN AD LITEM — CIVIL**

Page 2 of 2

116M79661741.tif - 2/8/2008 11:14:06 AM

Kaiser SCAL

Print Date : Fri Dec 22 14:32:08 2006
PEREYRA, GREG A.          2221239078 15159907 ab
Gender    : Male
Age       : 37
Birth Date : 02/21/1969
Birth Wgt : 0
Disposition : Long Term Care Hosp (63)
Admit Date : 12/05/2006
LOS       : 3
Disch Date : 12/08/2006

## Medicare DRG

027    TRAUMATIC STUPOR & COMA, COMA >1 HR

CMS wt 1.3499  A/LOS 4.7   G/LOS 3.1

## Principal Diagnosis

*80415    Closed multiple fracture skull/face with other bones with cerebral
          laceration/contusion, prolonged unconsciousness, no return to normal

## Secondary Diagnoses

#45341   Venous embolism and thrombosis of deep vessels of proximal lower
         extremity
#70703   Decubitus ulcer, lower back
#51883   Chronic respiratory failure
#5990    Urinary tract infection, site not specified
85105    Cortex (cerebral) contusion, no open intracranial wound, prolonged
         unconsciousness, no return to normal
8728     Uncomplicated open wound of ear, part unspecified
87342    Open wound of face without complication, forehead
78199    Symptoms involving nervous and musculoskeletal systems
V440     Tracheostomy status
V441     Gastrostomy status

## Principal Procedure

8703     Computerized axial tomography of head

02/08/2008  11:12    415-956-6580         MOORE&BROWNING                    PAGE  26/31



**KAISER PERMANENTE®**

**Panorama City Medical Center**
13652 Cantara Street
Panorama City, CA 91402

Admit Date:          Room:              Name: **PEREYRA, GREG**
     DOB: 02/21/1969  Gender: M    Age: 37Y    MRN: 1$159907

### HISTORY AND PHYSICAL

**Date of Admission:** 12/05/2006

**CHIEF COMPLAINT:** Transferred from Reno.

**HISTORY OF PRESENT ILLNESS:** All history is obtained from the chart. The patient is nonverbal and the decision to accept the patient and transfer to Panorama City was made during an earlier shift and that information is lost to me at this time. According to the transfer summary sent with the patient, the patient is an unfortunate 37-year-old gentleman who was involved in an head-on motor vehicle accident around 2 PM on the afternoon of October 17, 2006 somewhere Bishop, CA. Per report, the patient was intubated at the scene and subsequently taken to Mono County Hospital. The patient was initially attempted to be transferred to Southern California, however, this was unsuccessful and the patient was subsequently brought on October 17, 2006 to Renown Regional Medical Center in Reno, Nevada. The patient was called as a trauma blue and evaluated by the trauma surgeon and neurosurgery. The patient's hospital course is prolonged and complicated. Please see the full transfer summary for details. Essentially the patient had a traumatic brain injury with bifrontal contusions, left greater than right, with increased intracranial pressure with diffuse external injury in multiple areas including the temporal lobes as well as subdural, epidural hematomas, mild mass effect on the left frontal horn, respiratory failure, multiple facial fractures, and facial lacerations. The patient's hospital course was also complicated by a DVT and urinary tract infection. The patient had multiple procedures including:

1. Left frontoparietal temporal craniectomy with evacuation with a subdural and epidural hematomas. _____ was left out following a surgical procedure due to increased intracranial pressure.
2. Placement of left subclavian triple lumen catheter, placement of right radial arterial catheter.
3. Cleaning debridement and then closure of a complex laceration extending from above the left eyebrow through the eyebrow and into the eyelid for approximately 7 cm.
4. Repair of a partial avulsion of the left ear done by Dr. Baumberger on 10/18/06.
5. Placement of right frontal intracranial pressure monitor Camino on 10/26/06 by Dr. Jay Morgan.
6. Flexible bronchoscopy with bronchoalveolar lavage on 10/27/06 by Dr. Baumberger.
7. Fiberoptic bronchoscopy with bronchoalveolar lavage for percutaneous dilatation of tracheostomy done on 10/28/06 done by Dr. Bain, trauma surgery.
8. Placement of right transfemoral percutaneous IVC filter into the vena cava and _____ filter with Nina gram.

Author: Susannah Mason, M.D.

### HISTORY AND PHYSICAL

Original



**KAISER PERMANENTE®**

**Panorama City Medical Center**
13652 Cantara Street
Panorama City, CA 91402

Admit Date:                     Room:                     Name: **PEREYRA, GREG**
       DOB: 02/21/1969  Gender: M    Age: 37Y    MRN: 15159907

9.  Laparoscopic gastric tube placement done on 11/17/06 by Dr. Baumberger.

The patient's transfer summary will be reiterated here for the hospital course for inclusion in KPDS.  According to the dictation the patient was admitted through the emergency room to the intensive care unit.  The patient would not open his eyes and to voice or stimulus he would only turn his head to noxious stimuli.  He was then in a Miami Day collar.  He was noted to have facial lacerations and a laceration over the ear.  His pupils were equal, round, and reactive to light.  Glaucoma scale was 5.  ICB bolt was placed on admission and the patient was taken and had his laceration repaired by Dr. Baumberger.  He remained in the intensive care unit with increasing intracranial pressures over 2-3 weeks.  The patient was placed on a pentobarbital coma to control the increasing intracranial pressures.  He remained heavily sedated.  He remains on the ventilator and this was managed by trauma surgery.  A couple of weeks after admission the patient was able to come off of the paralytics, although did remain on still some significant amount of narcotic medication.  He had periods of increasing intracranial pressure.  He was treated with Mannitol as well as a ventricular catheter drain.  He received bronchoscopy as stated above.  His vital signs did remain stable, although the patient would not open his eyes to verbal or noxious stimuli.  He would have bleak flexion of his upper extremities to pain.  Once the intracranial pressure did stabilize the patient was considered to go to the operating room for replacement of the bone flap, although there was noted to be some eschar at the superior area at the incision site itself but it did not appear to be infected.  We asked physical therapy to evaluate for wound management and recommendations were given.  Time was given for the wound to heal.  It did not do so as dramatically as we would have liked.  It did take longer but was in the way of healing.  He intermittently had slight elevations in temperature.  He remained on Dilantin for antiseizure activity.  He was given tube feedings.  We had been in contact with the family throughout all of this and the discussion of placing the bone flap later rather than sooner due to the look of the incision itself.  The patient was eventually weaned from the ventilator.  He was able to be transferred out of the ICU to the neurosurgical floor.  There he remained with a tracheostomy collar receiving oxygen.  He was noted to have some spontaneous movement, particularly in the right upper extremity.  He is grabbing his gown or towel that was placed on his hand and play with it.  He would still not follow commands.  He would occasionally open his eyes but would not tract the examiner.  The incision was healing well.  The bone flap site was softener but not completely sunken and the pupils remains equal and reactive to light.  The patient had also been seen by physical therapy.  The patient will require some rehabilitation and the plan will be to get him transferred to a Kaiser based facility.  Dr. Morgan did speak to Dr. Gravely about placement of the bone flap and it is agreed that the patient should continue to get some time for recovery and the bone flap can be placed at a later date.

His medications are subsequently reviewed as well as recent laboratory studies.  The patient was transferred and arrived at Panorama City this evening in stable condition.  No further information

                                        Author: Susannah Mason, M.D.

**HISTORY AND PHYSICAL**

Original

02/08/2008  11:12    415-956-6588    MOORE&BROWNING    PAGE  28/31

## KAISER PERMANENTE®

**Panorama City Medical Center**
13652 Cantara Street
Panorama City, CA 91402

Admit Date:                    Room:                    Name: **PEREYRA, GREG**

DOB: 02/21/1969  Gender: M    Age: 37Y  MRN: 15159907

is available at this time. Per the patient's previously dictated History and Physical he had no significant past medical problems. He was previously taking no medications.

**SOCIAL HISTORY:** The patient has a girlfriend who resides in Reno. He was on his way to visit her when he had the car accident. He has a mother and father who live in Los Angeles. His mother was also in the care with him, however, she was discharged from the hospital and is apparently doing okay.

**FAMILY HISTORY:** Otherwise noncontributory.

**ALLERGIES: NO KNOWN DRUG ALLERGIES.**

**MEDICATIONS:** Currently he is on chlorhexidine 0.12% oral rinse b.i.d., Lovenox 30 mg b.i.d., nystatin swish and swallow q.i.d., Pepcid 20 mg b.i.d., Dilantin previously 400 mg q.h.s. with a Dilantin level of 4 today currently increased to 300 mg q-12-hours, Reglan 5 mg q-6-hours, receiving free water boluses 100 ml via G-tube q.i.d., and occasional Vicodin as well.

**PHYSICAL EXAMINATION:** Temperature is 37.3. Pulse is 112. Blood pressure is 134/93. Respirations are 22. Weight is 69.3 kg. Saturation is 97% on 10 liters via trach collar, cool mist. The patient is in no acute distress. His left scalp wound has sutures in place. He has visible indentation from a missing bone flap. Pupils are equal, round, and reactive. He is nonresponsive to verbal or painful stimuli at this time. His heart is tachycardiac and regular. His trach is in place with cool mist. His lungs are clear to auscultation bilaterally. He has a G-tube in place. Normal active bowel sounds, soft, and nontender. The Foley catheter is placed with clear urine. Extremities have no clubbing, cyanosis or edema. He has no spontaneous movement. No response to painful stimuli at this time.

**ASSESSMENT:** This is a 37-year-old gentleman with traumatic brain injury awaiting bone flap and questionable neurologic status.

**PLAN:** The patient was initially admitted to the telemetry floor, however, he will be placed in the CCU as a DOU boarder given his trach via cool mist and the overall unclear condition at this time. The patient's case has apparently been discussed with Dr. Gravely of neurosurgery who is unfortunately not on-call this evening. This case will need to be reviewed with neurosurgery in

Author: Susannah Mason, M.D.

## HISTORY AND PHYSICAL

Original

From 7855747.tif - 2/8/2008 11:14:06 AM

**KAISER PERMANENTE®**

Panorama City Medical Center
13652 Cantara Street
Panorama City, CA 91402

Admit Date:          Room:              Name: PEREYRA,  GREG
        DOB: 02/21/1969  Gender: M   Age: 37 Y   MRN: 151539907

the morning and does not appear to have any indication for an emergent consultation at this time.
The patient should also be seen in consultation for neurology for consideration of overall
neurologic status and rehab potential.  The patient will be continued on medications from the
outside hospital.  Social worker and case manager will also be obtained.


Susannah Mason, M.D.


cc:


SA:tm
D: 12/05/2006 21:22:54      Job#: 1115292
T:  12/06/2006 07:09:10     Doc#: 274428


Author:  Susannah Mason, M.D.

**HISTORY AND PHYSICAL**

Original

02/08/2008   11:12    415-956-6588                MOORE&BROWNING                          PAGE   30/31

717A



**Panorama City Medical Center**
13652 Cantara Street
Panorama City, CA 91402

KAISER
PERMANENTE®

Admit Date: 12/05/2006   Room: 717          Name: PEREYRA, GREG

DOB: 02/21/1969  Gender: M    Age: 37Y   MRN: 13159917

## TRANSFER SUMMARY

Date of Service: 12/08/2006
Date of Transfer: 12/08/2006

**BRIEF HISTORY:** Please see the extensive history and physical by Dr. Mason and also the consult note by Dr. Gravely for details. Briefly, this is a 37-year-old gentleman who was near Reno, Nevada where he suffered a motor vehicle accident on October 17th, 2006. He suffered extensive traumatic head injuries. Was found to have subdural and epidural hematomas while Renown Regional Medical Center in Reno, he underwent left frontal parietal temporal craniotomy though bone flap was not replaced secondary to increased cranial pressures. He also had complications including deep venous thrombosis which necessitated an IVC filter. He received a tracheostomy which currently he receives oxygen by blow-by and also has a G-tube. He was in Reno until 12/5/06 at which he was transferred back into the Kaiser Permanente Medical system. Originally, he was planned to be transferred possibly under the care of neurosurgery, however, he was transferred to Panorama City instead, though the reasons for this is still not entirely cleared at this point.

**HOSPITAL COURSE:**   The patient was seen by neurosurgery, Dr. Lance Gravely, again, you may refer to his consult note. The patient was neurosurgically stable. His baseline mentation is that he opens his eyes occasionally.   He does not seem to track with his eyes. He has some spontaneous movement in his right arm and right leg. He does not seem to have any purposeful movements. I was to elicit much in the way of response to nailbed pressure, either of his four extremities.

As noted previously, the patient does not have his bone flap from his previous craniotomy. Dr. Gravely feels a procedure to remedy this can be done as an outpatient, most likely by the way of prosthesis. While he was in the hospital, did not seem he had any other acute medical needs. He was continued on his G-tube feedings. He was given oxygen supplementally by blow-by from his tracheostomy. He does have occasional slight blood tinge, mucous, though chest x-ray was unremarkable for any infiltrates. Of note, he did have a somewhat sub-therapeutic Dilantin level. Reviewing the records at Reno, does not seem like he was put on Dilantin for actual seizures, but for prophylaxis only, I will increase his Dilantin dose slowly. I do not see acute need for reloading because this is for prophylaxis only. Further long-term need for Dilantin may be readdressed by neurosurgery.

On 12/8/06, the patient was felt stable for transfer to a skilled nursing facility. I did discuss the case with physical medicine rehab, Dr. Homes. The patient is not a candidate for acute rehab

Author:  Kenneth H. Hu, M.D.

## TRANSFER SUMMARY

Original

116M79661741.tif - 2/8/2008 11:14:06 AM

02/08/2008  11:12    415-956-6580         MOORE&BROWNING                    PAGE   31/31



**Panorama City Medical Center**
13652 Canfara Street
Panorama City, CA 91402

Admit Date: 12/05/2006   Room: 717        Name: PEREYRA, GREG

DOB: 02/21/1969   Gender: M   Age: 37Y   MRN: 15159907

because he is unable to follow commands. I also will arrange for him to have a helmet or prosthesis because of his lack of a bone flap. This was done by E-Referral and he can be fitted as an outpatient.

## DISCHARGE DIAGNOSES:

1.  Status post craniotomy for epidural and subdural hematomas.
2.  History of deep venous thrombosis with an IVC filter, chronic respiratory failure.
3.  Traumatic brain injury.
4.  Status post G-tube.

## DISCHARGE MEDICATIONS:   As follows:

1.  Peridex oral rinse twice daily.
2.  Pepcid 20 mg by G-tube twice daily.
3.  Reglan 5 mg G-tube q six hours.
4.  Dilantin 500 mg suspension twice daily by G-tube.

His feedings will be ProBalance FS by G-tube, 85 ml per hour, HO2 flush 100 ml q.i.d.

Please note, I will also arrange for a follow-up with Dr. Gravely as an outpatient.

Kenneth H. Hu, M.D.

cc:   Dr. Gravey, Neurosurgery at Woodland Hills.

KHH:lu
D: 12/08/2006 10:05:34        Job#: 1119560
T: 12/08/2006 10:19:56        Doc#: 275003

Author:  Kenneth H. Hu, M.D.

**TRANSFER SUMMARY**

Original

Page 2 of 2

T16M79551741.tif - 2/8/2008 11:14:06 AM



1   H. GRANT LAW (SBN: 144505)
    ANTHONY J. CAPOZZOLA (SBN: 250024)
2   SHOOK, HARDY & BACON L.L.P.
    333 Bush Street, Suite 600
3   San Francisco, California 94104-2828
    Telephone:    415.544.1900
4   Facsimile:    415.391.0281

5   Attorneys for Defendant
    FORD MOTOR COMPANY
6

7

8                   SUPERIOR COURT OF CALIFORNIA

9                    COUNTY OF CONTRA COSTA

10

11  GREG A. PEREYRA, an incompetent, by and    )    Case No. C 07-02210
    through his Guardian Ad Litem HUGO          )
12  PEREYRA, and MARTHA PEREYRA,               )    **DEFENDANT FORD MOTOR**
                                                )    **COMPANY'S ANSWER TO PLAINTIFFS'**
13              Plaintiffs,                     )    **COMPLAINT**
                                                )
14      vs.                                     )    Complaint Filed:  10/5/07
                                                )
15  FORD MOTOR COMPANY, AND DOES 1-            )
    50,                                         )
16                                              )
                Defendants.                     )
17                                              )

18

19

20      FORD MOTOR COMPANY ("Defendant") answers the Complaint of GREG A. PEREYRA,

21  an incompetent, by and through his Guardian Ad Litem HUGO PEREYRA, and MARTHA

22  PEREYRA ("Plaintiffs") as follows:

23      Under Section 431.30 of the Code of Civil Procedure, Defendant denies all of the allegations

24  in the Complaint and that Plaintiffs sustained damages.

25                   **FIRST AFFIRMATIVE DEFENSE**

26      1.      The Complaint fails to state a cause of action against Defendant.

27                  **SECOND AFFIRMATIVE DEFENSE**

28      2.      Plaintiffs failed to mitigate their damages, if any.

                            ANSWER TO COMPLAINT
    136237V1

### THIRD AFFIRMATIVE DEFENSE

3.     If Plaintiffs were damaged, as alleged in the Complaint or at all, the damages were directly and proximately caused by the negligence of Plaintiffs, and recovery, if any, should be reduced in proportion to the amount of their comparative fault.

### FOURTH AFFIRMATIVE DEFENSE

4.     If Plaintiffs were damaged, either as alleged in the Complaint or at all, such damages were directly and proximately caused by the comparative fault of others, whether or not parties to this action, and Plaintiffs' recovery, if any, should be reduced in proportion to the amount of the comparative fault of said parties.

### FIFTH AFFIRMATIVE DEFENSE

5.     If Plaintiffs were damaged, as alleged in the Complaint or at all, such damages were caused by the unforeseeable alteration and/or abnormal or improper use of the product in question.

### SIXTH AFFIRMATIVE DEFENSE

6.     Plaintiffs, with full appreciation of the particular risks involved, knowingly and voluntarily assumed the risks and hazards of the activity complained of and the damages, if any, resulting there from.

### SEVENTH AFFIRMATIVE DEFENSE

7.     The causes of action stated in the Complaint are barred by the applicable statute of limitations, including but not limited to California Code of Civil Procedure section 335.1

### EIGHTH AFFIRMATIVE DEFENSE

8.     Plaintiffs, by their own acts or conduct, are estopped from asserting any claims or damages or seeking any other relief against Defendant.

### NINTH AFFIRMATIVE DEFENSE

9.     Plaintiffs, by their own acts or conduct, have waived and/or released all claims, if any, against Defendant.

//

//

//

2

1

### TENTH AFFIRMATIVE DEFENSE

10.    Plaintiffs are barred from any recovery because Plaintiffs, or others acting with the permission, consent or knowledge of Plaintiffs, knowingly or intentionally altered, destroyed, destructively tested, discarded, failed to preserve or protect, sold and/or spoliated the subject vehicle and/or component parts of the vehicle which were known to Plaintiffs or such others to be critical evidence in the instant litigation.

### ELEVENTH AFFIRMATIVE DEFENSE

11.    Defendant alleges that the sole proximate and legal cause of injuries and damages, if any, allegedly suffered by the Plaintiffs was the failure, refusal, or omission to follow the warnings, cautions, instructions, or other writings accompanying the subject product, for which such act or omission Defendant is not legally or otherwise responsible.

### TWELFTH AFFIRMATIVE DEFENSE

12.    Plaintiffs have failed to comply with the breach-of-warranty notice requirements as required by law.

### THIRTEENTH AFFIRMATIVE DEFENSE

13.    Plaintiffs' negligence was a superseding, intervening cause of the accident and their injuries.

### FOURTEENTH AFFIRMATIVE DEFENSE

14.    Defendant alleges that the claims alleged against it in the Complaint are preempted, in whole or in part, by 15 U.S.C. §1410(b), by the National Traffic and Motor Vehicle Safety Act of 1966 and its implementing regulations, and by the Supremacy Clause of the United States Constitution.

### FIFTEENTH AFFIRMATIVE DEFENSE

15.    Defendant gives notice that it intends to rely on other defenses that become available during discovery in this case and reserves the right to amend its answer to assert any such defense.

//

//

//

1    Wherefore, Defendant prays as follows:

2    1.    that Plaintiffs take nothing by way of their Complaint;

3    2.    that Defendant be awarded costs of suit;

4    3.    that Defendant be awarded reasonable attorneys' fees; and

5    4.    for such other and further relief as the Court deems just and proper.

6

Dated: February 22, 2008                    SHOOK, HARDY & BACON L.L.P.

7

8

9                                     By:_____
                                          H. GRANT LAW
10                                        ANTHONY J. CAPOZZOLA

11                                        Attorneys for Defendant
                                          FORD MOTOR COMPANY
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

136237V1                    ANSWER TO COMPLAINT

1

## PROOF OF SERVICE VIA U.S. MAIL

2

3

4

The undersigned declare: I am over the age of 18 years and not a party to the within action. I am employed in the county where this service occurs. My business address is 333 Bush Street, Suite 600, San Francisco, California 94104, my facsimile number is (415) 391-0281. On the date shown below I served the following document(s):

5

- **DEFENDANT FORD MOTOR COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT**

6

on the interested parties named herein and in the manner indicated below:

7

8

9

Michael B. Moore, Esq.
595 Market Street, Suite 1320
San Francisco, CA 94105
Tel: (415)956-6500
Fax: (415)956-6580

10

11

Robert H. Ludlow, Jr.
P.O. Box 1184
Santa Cruz, CA 95061

12

13

14

15

_X_  **FIRST CLASS U.S. MAIL:** I enclosed the document(s) in a sealed envelope or package addressed to the persons listed [below/above] by placing the envelope(s) for collection and mailing following our ordinary business practices. I am readily familiar with this business' practice for collecting and processing correspondence for mailing. On the same day that correspondence is placed for collection and mailing, it is deposited in the ordinary course of business with the United States Postal Service in a sealed envelope with postage fully prepaid.

16

17

18

___  **FACSIMILE:** Based on an agreement of the parties to accept service by fax transmission, I faxed the document(s) to the person(s) at the fax numbers listed [above\below]. No error was reported by the fax machine that I used. A copy of the record of the fax transmission, which I printed out, is attached.

19

20

21

___  **BY EXPRESS MAIL NEXT DAY DELIVERY, AN OVERNIGHT DELIVERY SERVICE:** By placing a true and correct copy of the above document(s) in a sealed envelope addressed as indicated above and causing such envelope(s) to be delivered to the UNITED PARCEL SERVICE Air Service Center, on _____, to be delivered by their next business day delivery service on _____, to the addressee designated.

22

23

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

24

Executed on February 22, 2008, at San Francisco, California.

25

26

27

Carolyn H. Ishihara

28

***PROOF OF SERVICE***
*136268v1*