RANDALL HAIMOVICI (SBN: 213536)
rhaimovici@shb.com
ANTHONY J. CAPOZZOLA (SBN: 250024)
acapozzola@shb.com
SHOOK, HARDY & BACON L.L.P.
333 Bush Street, Suite 600
San Francisco, California 94104
Telephone: (415) 544-1900
Facsimile:  (415) 391-0281

Attorneys for Defendant
FORD MOTOR COMPANY


MICHAEL B. MOORE (SBN: 62182)
mbm@moore-law.net
THE LAW OFFICE OF MICHAEL B. MOORE
595 Market Street, Suite 1320
San Francisco, CA  94105
Telephone: (415) 956-6500
Facsimile: (415) 956-6580

Attorneys for Plaintiffs
GREG A. PEREYRA and MARTHA PEREYRA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GREG A. PEREYRA, an incompetent, by and through his guardian ad litem, HUGO PEREYRA, and MARTHA PEREYRA,<br><br>Plaintiffs,<br><br>vs.<br><br>FORD MOTOR COMPANY, DOES 1-50,<br><br>Defendants. | Case No. CV-08-01063 - MMC<br><br>**JOINT RULE 26(F) REPORT, CASE MANAGEMENT STATEMENT, AND [PROPOSED] CASE MANAGEMENT ORDER**<br><br>Date:   June 6, 2008<br>Time:   10:30 a.m.<br>Judge:  Honorable Maxine M. Chesney |

Counsel for Plaintiffs Greg Pereyra and Martha Pereyra and Defendant Ford Motor Company ("Ford") have conferred pursuant to Fed. R. Civ. Proc. 26(f)(1)-(4) to consider the nature and basis of their claims, possibilities for resolution of the case, and to develop a proposed discovery plan and arrange for initial disclosures.  Pursuant to Civil L.R. 16-9, the parties jointly submit this Case Management Statement and Proposed Order and request the Court to adopt it as its Case Management Order in this case.

140438v2

## 1. JURISDICTION AND SERVICE

Plaintiffs originally filed this action in Contra Costa Superior Court on October 5, 2007. On February 22, 2008, Defendant timely removed the action to this Court on the basis of diversity of citizenship.

## 2. FACTS

On October 16, 2006, Shelly Daugherty was driving a 2002 Chevy pick-up Eastbound on Pine Creek Road. Ms. Dougherty claims she stopped the Chevy at the intersection of Pine Creek Road and Route 395 (the intersection is located in Inyo County, a very rural area near Yosemite National Park). As Ms. Daugherty drove the Chevy into the intersection, it collided with a 2005 Ford F-150 heading northbound on 395. The Ford was being driven by Plaintiff Greg Pereyra. According to Plaintiff Martha Pereryra, the passenger in the F-150 and Mr. Pereyra's mother, Mr. Pereyra was driving at the speed limit (65 mph) when the collision occurred.

Mr. Pereyra sustained a severe head injury during the accident resulting in bleeding and swelling on the left side of his brain. As a result, he needed a craniectomy (removal of part of the skull to reduce pressure on the brain from bleeding and swelling). Greg also sustained several facial fractures and lacerations. He was unconscious for approximately 6 weeks and spent just under a year in rehabilitation facilities. He currently lives at his parent's home and has intensive outpatient therapy to treat his diminished cognitive and physical skills and problems with his speech.

## 3. LEGAL ISSUES

### A. Plaintiff's Legal Contentions

Plaintiffs contend that the vehicle was not sufficiently crashworthy in that it lacked proper side impact protection, including, but not limited to, a proper B-pillar, side impact airbags, proper and sufficient steel reinforcement for the roof, and roof support structures, and lacked steel reinforcing in the doors.

### B. Defendant's Legal Contentions

Defendant disputes Plaintiffs' claims. In addition, comparative fault is an issue in this case.

**4. MOTIONS**

None anticipated at this time.

**5. AMENDMENT OF PLEADINGS**

The parties propose June 30, 2008 as the deadline to amend pleadings.

**6. EVIDENCE PRESERVATION**

The vehicles involved in this case are critical physical evidence needed to determine whether Defendant is liable to Plaintiffs. Therefore, their preservation is crucial to this case. The vehicles will need to be inspected numerous times by experts on both sides to prepare for trial. Plaintiffs will continue to preserve the vehicles, and defendant will have access to the vehicles through plaintiffs' counsel on reasonable notice.

**7. DISCLOSURES**

The parties will exchange Rule 26 initial disclosures as set out below.

**8. DISCOVERY**

The parties propose the following schedule based on a proposed August 3, 2009 trial date:

    **A.** **Initial Disclosures Pursuant to Fed. R. Civ. P. 26(a)(1)**: Plaintiffs served their initial disclosure early. Defendant will serve its initial disclosure on June 30, 2008.

    **B.** **Non-Expert Discovery Cut-Off**: March 9, 2009.

    **C.** **Experts Disclosures**

        1. **Plaintiff's Disclosure of Expert Witnesses and Reports**: March 30, 2009.

        2. **Defendant's Disclosure of Expert Witnesses and Reports**: April 27, 2009.

        3. **Rebuttal reports:** May 11, 2009.

    **D**. **Expert Witness Discovery Cut-Off**: June 22, 2009.

    **E.** **Proposed Changes in Limits On Discovery**:

        1. Fed. R. Civ. P. 26(b): None.

        2. Fed. R. Civ. P. 30(a)(2)(A): Given the nature of the present case and the number of parties, the parties waive the 10 deposition limit set forth in Fed. R. Civ. P. 30(a)(2)(A) and request 25 depositions per party, not including expert

         depositions.

3.    Fed. R. Civ. P. 30(a)(2)(B): None.

4.    Fed. R. Civ. P. 30(a)(2)(C): None.

5.    Fed. R. Civ. P. 30(d)(2): None anticipated.

6.    Fed. R. Civ. P. 33(a): The parties are allowed to propound 50 interrogatories without leave of court.

**F.     Discovery Relating to Electronic, Digital, and/or Magnetic Date**: The parties discussed the exchange of electronically stored information during their Rule 26 conference as contemplated by the Federal Rules of Civil Procedure. The parties did not perceive any issues related to ESI at this time. However, should electronic discovery issues arise, the parties agreed to meet and confer in a good faith effort to attempt to resolve any such issues prior to moving the court for relief.

**9. CLASS ACTIONS**

Not applicable.

**10. RELATED CASES**

There are no known cases that should be consolidated with this case.

**11. RELIEF**

Plaintiffs seek medical expenses, lost wages, damages for pain and suffering and costs of suit. Defendant seeks dismissal of this suit, costs and fees incurred as a consequence of this action.

**12. SETTLEMENT AND ADR**

Plaintiffs and Defendant have agreed to engage in private mediation with JAMS.

**13. CONSENT TO MAGISTRATE JUDGE FOR ALL PURPOSES**

Defendants do not consent to the assignment of this matter to a magistrate judge for trial.

**14. OTHER REFERENCES**

Not applicable.

**15. NARROWING OF ISSUES**

The parties agree it is premature at this time to narrow the issues because discovery has not

yet begun.

## 16. EXPEDITED SCHEDULE

The parties do not anticipate the need for an expedited schedule at this time.

## 17. SCHEDULING

 **A.** **Non-Dispositive and Dispositive Pretrial Motions:** July 1, 2009.

 **B.** **Final Pretrial Conference:** July 22, 2009.

## 18. TRIAL

The parties request a trial date of August 3, 2009.

## 19. DISCLOSURE OF NON-PARTY INTERESTED ENTITIES OR PERSONS

The parties are not aware of any other parties that have a direct, pecuniary interest in the outcome of this case.

Dated: May 28, 2008

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By:  /s/ Randall Haimovici
  RANDALL HAIMOVICI
  ANTHONY CAPOZZOLA

Attorneys for Defendant
FORD MOTOR COMPANY

Dated: May 28, 2008

Respectfully submitted,

LAW OFFICE OF MICHAEL B. MOORE

By:  /s/ Michael B. Moore
  MICHAEL B. MOORE

Attorneys for Plaintiffs
GREG A. PEREYRA, an incompetent, by and through his guardian ad litem, HUGO PEREYRA, and MARTHA PEREYRA,

5
JOINT RULE 26(F) REPORT, CASE MANAGEMENT STATEMENT, AND [PROPOSED] CASE MANAGEMENT ORDER

140438v2

**CASE MANAGEMENT ORDER**

  The Case Management Statement and Proposed Order is hereby adopted by the Court as the Case Management Order for the case and the parties are ordered to comply with this Order.

Dated: _____         _____

                 UNITED STATES DISTRICT JUDGE